UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA WALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORBERTO GARCIA, et al., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | New Case Number: <br> <u>1:10-cv-0732 SKO</u> <br><br> **AMENDED SCHEDULING CONFERENCE ORDER** <br><br> Discovery Cut-Off: 6/1/11 <br><br> Non-Dispositive Motion Filing Deadline: 6/15/11 <br><br> Non-Dispositive Motion Hearing Date: 7/13/11 9:30 Ctrm. 8 <br><br> Dispositive Motion Filing Deadline: 7/1/11 <br><br> Dispositive Motion Hearing Date: 8/3/11 9:30 Ctr. 8 <br><br> Settlement Conference Date: 6/15/11 10:30 Ctrm. 10 <br><br> Pre-Trial Conference Date: 9/7/11 2:00 Ctrm. 8 <br><br> Trial Date: 10/25/11 8:30 Ctrm. 8 (JT-5 days) |

I.   Date of Scheduling Conference.

   November 5, 2010.

II.  Appearances Of Counsel.

1

Moore Law Firm, P.C. by K. Randolph Moore, Esq., and Tanya Moore, Esq., appeared on behalf of Plaintiff.

Wild, Carter & Tipton by Wesley J. Hammond, Esq., appeared on behalf of Defendants Norberto Garcia and Teresa Garcia, dba BJ's Kountry Kitchen and Prosperity Properties, LLC.

III.  Summary of Pleadings.

1.  This is a civil rights action by Plaintiff Theresa Wallen (hereinafter referred to as "Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as: BJ's Kountry Kitchen, located at 4944 North Blackstone Avenue, Fresno, California (hereinafter referred to as the "Store").  Plaintiff seeks damages, injunctive and declaratory relief, attorneys' fees and costs, against Norberto Garcia and Teresa Garcia, dba BJ's Kountry Kitchen; and Prosperity Properties TLC, LLC, owners and operators of the Restaurant (hereinafter collectively referred to as "Defendants").

IV.  Orders Re Amendments To Pleadings.

1.  The parties do not anticipate amending the pleadings at this time.  The parties propose that any amendments be accomplished on or before December 3, 2010.

V.  Factual Summary.

   A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

       1.  There is no dispute that the Plaintiff is disabled within the meaning of the Americans with Disabilities Act.

       2.  Defendants Norberto Garcia and Teresa Garcia are individual residents of the Eastern District of California,

Fresno Division, and doing business under the fictitious name and style BJ's Kountry Kitchen and Prosperity Properties TLC, LLC.

      3. The Defendants own and operate a Restaurant under that name and style.

      4. The Restaurant is a public accommodation open to the public and intended for non-residential use whose operation affects commerce.

      5. The Defendants acknowledge that hidden architectural features of the Restaurant do not comply with the law.

  B. Contested Facts.

      1. All remaining facts are disputed.

VI. Legal Issues.

  A. Uncontested.

      1. Jurisdiction exists under 28 U.S.C. §§ 1331 and 1342 and the Americans with Disabilities Act. Supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

      2. Venue is proper under 28 U.S.C. § 1391(b) and (c).

      3. The parties agree that the substantive law of the State of California provides the rule of decision as to supplemental claims.

  B. Contested.

      1. All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

  1. The parties have consented to transfer the case to the Magistrate Judge for all purposes, including trial. The case number that must be typed on all pleadings filed in the case after this date is: <u>1:10-cv-0732 SKO</u>.

3

///

**VIII.   Corporate Identification Statement.**

   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.  Discovery Plan and Cut-Off Date.**

   A.   Changes in Timing.

      1.   The parties to not request any changes in the timing, form, or requirement for disclosures under Rule 26(a).

   B.   Cut-Off Date for Non-Expert Discovery.

      1.   The parties propose a discovery cut-off date in May 2011.

   C.   Suggested Timing of the Disclosure of Expert Witness
        Discovery as Required by Fed.R.Civ.P. 26(a)(2).

      1.   The parties request that any expert exchange be simultaneous between all parties ninety (90) days prior to the close of discovery, with supplemental disclosures thirty (30) days later.

   D.   Changes in the Limits on Discovery.

      1.   The parties to not request changes to the limitations on discovery, aside from those imposed by the Federal Rules of Civil Procedure and Local Rules.

   E.   Protective Order Relating to the Discovery of
        Information.

1        1.   The parties do not anticipate at this time that such protective order will be required.

         F.   Timing, Sequencing, Phasing or Scheduling of Discovery.
              1.   The parties do not seek a timetable for discovery outside of the Court's Scheduling Order.  The parties do not believe discovery should be conducted in phases or limited to particular issues.

         G.   Discovery Outside of the U.S.
              1.   The parties do not anticipate the need to take discovery outside the United States.

         H.   Video and/or Sound Recording of Depositions.
              1.   The parties anticipate that all depositions will be videotaped.

         I.   Mid-Discovery Status Report and Conference.
              1.   Plaintiff proposes a date in February of 2001 for status report and conference.

         J.   Discovery Relating to Electronic, Digital and/or
              Magnetic Data.
              1.   The parties do not anticipate at this time that such discovery will be required.

    The Court orders:
    1.   The parties are ordered to complete all discovery on or before June 1, 2011.
    2.   The parties are directed to disclose all expert witnesses, in writing, on or before April 1, 2011.  Any rebuttal or supplemental expert disclosures will be made on or before May 2, 2011.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert

5

designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before June 15, 2011, and heard on July 13, 2011, at 9:30 a.m. before Magistrate Judge Sheila K. Oberto in Courtroom 8.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than July 1, 2011, and will be heard on August 3, 2011, at 2:00 p.m. before the Honorable Sheila K. Oberto, United States Magistrate Judge, in Courtroom 8, 6th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

1  ///
2  XI.  Pre-Trial Conference Date.
3       1.   September 7, 2011, at 2:00 a.m. in Courtroom 8, 6th
4  Floor, before the Honorable Sheila K. Oberto, United States
5  Magistrate Judge.
6       2.   The parties are ordered to file a Joint Pre-
7  Trial Statement pursuant to Local Rule 281(a)(2).
8       3.   Counsel's attention is directed to Rules 281
9  and 282 of the Local Rules of Practice for the Eastern District
10 of California, as to the obligations of counsel in preparing for
11 the pre-trial conference.  The Court will insist upon strict
12 compliance with those rules.
13 XII. Motions - Hard Copy.
14      1.   The parties shall submit one (1) courtesy paper copy to
15 the Court of any motions filed.  Exhibits shall be marked with
16 <u>protruding numbered or lettered tabs</u> so that the Court can easily
17 identify such exhibits.
18 XIII.   Trial Date.
19      1.   October 25, 2011, at the hour of 8:30 a.m. in Courtroom
20 8, 7th Floor, before the Honorable Sheila K. Oberto, United
21 States Magistrate District.
22      2.   This is a jury trial.
23      3.   Counsels' Estimate Of Trial Time:
24           a.   Two to five days.
25      4.   Counsels' attention is directed to Local Rules
26 of Practice for the Eastern District of California, Rule 285.
27 XIV. Settlement Conference.
28      1.   A Settlement Conference is scheduled for June 15, 2011,

7


at 10:30 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

  2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

  3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

  4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

       a.   A brief statement of the facts of the case.

       b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c.   A summary of the proceedings to date.

       d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

       e.   The relief sought.

       f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

   1.   The parties do not require or suggest any means for shortening or expediting preparation and trial of the matter.

XVI. Related Matters Pending.

   1.   There are no related matters.

XVII.   Compliance With Federal Procedure.

   1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil

Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.  Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   November 10, 2010                    /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE